```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MISSOURI
                  EASTERN DIVISION

NIKOLAY IVANOV NEDELTCHEV,      )
                                )
            Plaintiff,          )
                                )
       v.                       )   No. 4:07 CV 179 DDN
                                )
SHERATON ST. LOUIS CITY CENTER  )
HOTEL AND SUITES,               )
JOE BRYSON, and                 )
GREGORY ROBINSON,               )
                                )
            Defendants.         )
```

### MEMORANDUM

This action is before the court on the motions of defendants Sheraton St. Louis City Center Hotel and Suites, Joe Bryson, and Gregory Robinson. In the first motion, the defendants move to dismiss the complaint against them or, in the alternative, to require plaintiff to provide a more definite statement. (Doc. 32.) In the second motion, the defendants move for judgment on the pleadings. (Doc. 34.) On August 17, 2007, the court issued an order stating that under Federal Rule of Civil Procedure 12(c), the defendants' motion for judgment on the pleadings would be treated as a motion for summary judgment. (Doc. 51.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 26.)

### I. BACKGROUND

Plaintiff Nikolay Ivanov Nedeltchev brought this action against defendants Sheraton St. Louis City Center Hotel and Suites (Sheraton), Joe Bryson, and Gregory Robinson for employment discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Doc. 1.) The Sheraton fired Nedeltchev on October 28, 2005. On October 25, 2006, Nedeltchev filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that the discrimination occurred between October 28, 2004 and October 28, 2005. In particular, he alleged that during his employment he had been harassed and ridiculed because of his national origin. Nedeltchev

alleged that Robinson and Bryson had told him he had been fired for failing to follow the instructions of his supervisor on October 26, 2005. Bryson and Robinson expressed this reason to Nedeltchev the day he was fired. In a return letter, the EEOC stated that Nedeltchev's file was being closed for failure to timely file the charge of discrimination. (Doc. 1, Ex. A at 1-3.)

On January 22, 2007, Nedeltchev filed his original complaint, pro se, alleging he was harassed while on the job and fired from his job because of his national origin. Specifically, he alleges that his co-workers and supervisors called him "a stinking terrorist," and a "KGB agent." He also alleges his superiors told him he was being investigated as a "terrorist suspect" and as an "agent of foreign power." The original complaint does not seek monetary damages, but only to have his name and reputation cleared. (Doc. 1 at 6-9.)

On March 28, 2007, Nedeltchev filed an amended complaint, pro se. Referencing his original complaint, he again alleges he has been the subject of harassment, discrimination, and wrongful termination, in violation of Title VII. He states that he has been called a "terrorist" and "spy" and requests that his name and reputation be cleared, and that his job be restored. He also seeks actual and punitive damages. (Doc. 7 at 2-4.)

Defendants move to dismiss the complaint or, in the alternative, to require Nedeltchev to provide a more definite statement. (Doc. 32.) The defendants also filed a motion for judgment on the pleadings (Doc. 34), which will be treated according to Rule 12(c) as a motion for summary judgment. (Doc. 51.)

## II. DISCUSSION

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Devin v. Schwan's Home Serv., Inc., 491 F.3d 778, 785 (8th Cir. 2007). The court must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences.

Devin, 491 F.3d at 785. A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor of the non-moving party. Die-Cutting Diversified, Inc. v. United Nat'l Ins. Co., 353 F. Supp. 2d 1053, 1054-55 (E.D. Mo. 2004).

Initially, the moving party must demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings but must instead proffer admissible evidence that demonstrate a genuine issue of material fact. Fed. R. Civ. P. 56(e); Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir. 2004); Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003).

**TIMELINESS**

In their motion for judgment on the pleadings, the defendants argue that Nedeltchev failed to timely file his charge of discrimination. (Doc. 35.) Nedeltchev does not dispute that he failed to timely file the charge of discrimination. Instead, he argues the doctrine of equitable tolling should apply. (Doc. 41.)

A charge of discrimination must be filed with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Failing to timely file an EEOC charge does not create a jurisdictional bar. Gordon v. Shafer Contracting Co., Inc., 469 F.3d 1191, 1194 (8th Cir. 2006). The charge of discrimination, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. Id. (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

Equitable tolling is a remedy reserved for circumstances that are truly beyond the plaintiff's control. Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999). Equitable tolling will extend a missed deadline where the employee's ignorance is excusable. Id. Tolling is most appropriate when the EEOC, or another agency, provided misleading information that led to the missed deadline. Shempert v. Harwick Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998). The doctrine is inappropriate, however, if the employee was generally aware of his

rights. Id. "Equitable tolling is not available when . . . the employee has 'general knowledge' of the right not to be discriminated against or the means of obtaining such knowledge. . . ." Id. Equitable principles are unavailable to litigants who have failed to act diligently. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

Nedeltchev points to several factors in favor of tolling. First, he notes that he was diligent, filing his complaint within ninety days of receiving his Notice of Rights letter from the EEOC. Next, he notes that the defendants would not be prejudiced by tolling. Nedeltchev also argues that he is a recent immigrant and English is not his native language. Finally, he notes that he consulted a lawyer to learn about his rights, and the lawyer told him he had a year in which to file his charge of discrimination. (Doc. 41 at 2; Doc. 56 at 1-2.)

Even accepting these arguments as true, equitable tolling is still inappropriate. Nedeltchev was told he had been fired on October 28, 2005. In his charge of discrimination, he lists October 28, 2005, as the last date of discrimination. From there, Nedeltchev consulted a lawyer, illustrating he was clearly aware of his civil rights. There is no allegation that the EEOC, or any other agency, provided misleading information to Nedeltchev. While the lawyer's asserted mistake is unfortunate, Nedeltchev could have contacted the EEOC directly or consulted another lawyer. Sympathy for particular litigants cannot excuse the failure to comply with procedural requirements. Baldwin, 466 U.S. at 152.

### III. CONCLUSION

Nedeltchev was fired on October 28, 2005, but did not file his charge of discrimination until October 25, 2006 - well after the 180-day

deadline for doing so.  Because the doctrine of equitable tolling is inappropriate under the circumstances, the motion for summary judgment is sustained.  An appropriate order of dismissal is issued herewith.


        /S/ David D. Noce      
**UNITED STATES MAGISTRATE JUDGE**


Signed on September 24, 2007.