```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION

NIKOLAY IVANOV NEDELTCHEV,      )
                                )
            Plaintiff,          )
                                )
       v.                       )      No. 4:07 CV 179 DDN
                                )
SHERATON ST. LOUIS CITY CENTER  )
HOTEL AND SUITES,               )
JOE BRYSON, and                 )
GREGORY ROBINSON,               )
                                )
            Defendants.         )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiff Nikolay Ivanov Nedeltchev to amend the judgment. (Doc. 60.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 26.)

## I. BACKGROUND

Plaintiff Nikolay Ivanov Nedeltchev brought this action against defendants Sheraton St. Louis City Center Hotel and Suites (Sheraton Hotel), Joe Bryson, and Gregory Robinson for employment discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Doc. 1.) The Sheraton Hotel fired Nedeltchev on October 28, 2005. On October 25, 2006, Nedeltchev filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that the discrimination occurred between October 28, 2004 and October 28, 2005. (Doc. 1, Ex. A at 1-3.) On January 22, 2007, Nedeltchev filed his original complaint, pro se, alleging he was harassed while on the job and fired from his job because of his Bulgarian national origin. (Doc. 1 at 6-9.) On March 28, 2007, Nedeltchev filed an amended complaint, pro se. Referencing his original complaint, he again alleged he had been the subject of harassment, discrimination, and wrongful termination, in violation of Title VII. (Doc. 7 at 2-4.)

On May 18, 2007, the defendants moved for judgment on the pleadings. (Doc. 34.) According to Federal Rule of Civil Procedure

12(c), the court treated the motion for judgment on the pleadings as a motion for summary judgment. (Doc. 51.) On May 18, 2007, the defendants also moved to dismiss or, in the alternative, for a more definite statement. (Doc. 32.) On May 29, 2007, Nedeltchev moved to file a second amended complaint. (Docs. 37, 38.) On September 24, 2007, the court held that Nedeltchev had failed to timely file his charge of discrimination and the doctrine of equitable tolling was inappropriate under the circumstances. (Doc. 57.) The court granted the defendants' motion for summary judgment and denied all remaining motions as moot. (Doc. 58.)

## II. DISCUSSION

In his motion to amend the judgment, Nedeltchev raises three issues. First, he argues that the determination letter from the EEOC was hearsay and should not have been considered by the court. Next, he argues that he diligently sought the advice of a lawyer and the court should have tolled the filing deadline. Finally, Nedeltchev argues the court erred by failing to grant his motion to file a second amended complaint. He argues the defendants agreed to the amendment by addressing issues raised in the proposed second amended complaint. He also argues that Federal Rule of Civil Procedure 15 requires that leave to amend be freely given. (Docs. 60, 63.)

In response, the defendants argue the court properly considered the exhibits attached to the original complaint. The defendants also argue the court properly denied the second motion to amend because Nedeltchev's amended counts would not have cured the deficiencies in his first amended complaint, and any amendments would therefore be futile. (Doc. 62.)

### A. EEOC Determination Letter

The court properly considered the letter from the EEOC. The letter from the EEOC was attached to the original complaint as an exhibit. (Doc. 1, Ex. A at 1-3.) In addition, the amended complaint referenced portions of the original complaint. (Doc. 7 at 2.) Under Rule 10(c), any exhibit attached to a pleading becomes a part of the pleading for

all purposes. Fed. R. Civ. P. 10(c). As a result, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. <u>Meehan v. United Consumers Club Franchising Corp.</u>, 312 F.3d 909, 913 (8th Cir. 2002). The court properly looked to the attached exhibit.

The EEOC document was not inadmissible because of the general rule of evidence that prohibits the use of hearsay. Hearsay is any statement, other than one made by the declarant while testifying, offered into evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Admittedly, the court looked to the statements within the EEOC letter as proof of the items asserted. However, the EEOC letter satisfies an exception to the hearsay rule. <u>See</u> Fed. R. Evid. 803(8)(C). Under Rule 803(8)(C), investigative reports made by government agencies are excluded from the rule against hearsay unless circumstances indicate untrustworthiness. <u>Id.</u> Letters of determination by the EEOC fall within Rule 803-(8)(C). <u>Cortes v. Maxus Exploration Co.</u>, 977 F.2d 195, 201 (5th Cir. 1992); <u>Madani v. BHVT Motors, Inc.</u>, No. CIV 04-1897 PHX RCB, 2006 WL 1127149, at *3 (D. Ariz. Apr. 27, 2006). Since there are no circumstances which indicate the EEOC document is untrustworthy, the court properly considered the EEOC letter.

### **B. Equitable Tolling**

The court's memorandum outlining the reasons for granting the defendants' motion for summary judgment discussed the plaintiff's equitable tolling argument. (Doc. 57 at 3-4.) In his motion to amend the judgment, Nedeltchev has not raised any arguments in favor of tolling that the court has not already addressed. Since the court's memorandum has adequately discussed the tolling argument, no further discussion is required.

### **C. Motion to Amend the Complaint**

The Federal Rules of Civil Procedure support a liberal policy on amendments to pleadings. <u>Dennis v. Dillard Dep't Stores, Inc.</u>, 207 F.3d 523, 525 (8th Cir. 2000). Before a responsive pleading has been filed, a party may amend its pleadings once as a matter of course. Fed. R.

Civ. P. 15(a). If the pleading requires no response and the action has not been placed on the trial calendar, the party may amend its pleading within twenty days of service. Id. In this case, Nedeltchev's motion to amend was filed after the defendants had filed a motion for judgment on the pleadings. Under the circumstances, the amendment could only be granted by leave of court or by written consent of the nonmoving party. Id. Under Rule 15, leave shall be given where justice so requires. Id.; Forman v. Davis, 371 U.S. 178, 182 (1962).

A district court may deny leave to amend only for a limited number of reasons. See Dennis, 207 F.3d at 525. Undue delay, the moving party's bad faith or dilatory motive, a repeated failure to cure the deficiencies through previous amendments, futility of the amendment, or undue prejudice to the opposing party, justify denying a motion to amend. Id. Delay alone provides insufficient grounds to deny leave to amend. Id.

Nedeltchev argues the defendants consented to the amendment. (Doc. 60 at 2.) Yet, in the first sentence of their response to the motion to amend, the defendants argue Nedeltchev's supplemental motion to amend "should be denied." (Doc. 45 at 1.) Given such clear language, the defendants did not give implied consent by ultimately addressing the merits of the proposed amendment.

Nedeltchev also argues that leave to amend the complaint should be freely given under Rule 15. The second amended complaint contains three counts. In Count I, Nedeltchev alleges the defendants discriminated against him in violation of Title VII. In Count II, Nedeltchev alleges the defendants discriminated against him in violation of 42 U.S.C. § 1981. In Count III, Nedeltchev alleges the defendants made intentional false statements about him.[1] (Doc. 38.) In response, the defendants reference their response to the motion to amend the complaint, and argue that any amendment would be futile and therefore should not be granted.

---

[1] In their response to Nedeltchev's second motion to amend the complaint, the defendants treat Count III as stating a claim for defamation. (Doc. 45 at 4.) In his reply to the motion to amend the judgment, Nedeltchev characterizes Count III as stating a claim for interference with business expectancies. (Doc. 63 at 3.)

-4-

**Second Amended Count I**

Count I of the second amended complaint states a claim under Title VII. Since the Title VII claim was not timely filed and equitable tolling has been found inappropriate under the circumstances, any amendment adding a Title VII claim would be futile. (Doc. 57.)

**Second Amended Count II**

Count II of the seconded amended complaint states a claim under 42 U.S.C. § 1981. In Count II, Nedeltchev claims he was the subject of unlawful employment practices on account of his "Slavic Eastern European race." In response to the motion to amend the complaint, the defendants argue that § 1981 only protects against racial discrimination and none of the incidents alleged in the complaint relate to plaintiff's race. (Doc. 45.)

Section 1981 protects the right of all persons within the United States to make and enforce contracts without respect to race. 42 U.S.C. § 1981; Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 475 (2006). This right offers relief from racial discrimination that impairs or terminates an existing contractual relationship. 42 U.S.C. § 1981; McDonald, 546 U.S. at 476-77. That said, the plain language of the statute only protects against racial discrimination; the protections of § 1981 do not extend to discrimination based on place or nation of origin. 42 U.S.C. § 1981; Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 467 (8th Cir. 1992). Under § 1981, racial discrimination is intentional discrimination based on the ancestry or ethnic characteristics of an identifiable class of people. Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987). This definition creates the possibility of discrimination based on an individual's Scandinavian, Chinese, Latin, Spanish, Jewish, or German race - to name but a few. Id. at 612.

In his second amended complaint, Nedeltchev alleges a number of incidents as the basis for his § 1981 claim. In particular, he claims members of the Sheraton Hotel:

    i.    falsely accused him of being a "terrorist suspect" and an "agent of foreign power;"

    ii.   called him a "stinking terrorist;"

    iii.  called him a "KGB agent;"

    iv.   called him a Russian military officer, knowing he was a retired Bulgarian military officer;

    . . .

    vi.   presented him as an acting Russian military officer and not a retired Bulgarian military officer;

    vii.  accused him of being a terrorist and withholding information about the attacks of September 11th "because he was from a foreign country." (Doc. 38 at 3-4.)

Nedeltchev also alleges members of the Sheraton Hotel failed to protect him from harassment and name calling by hotel guests, "because of his national origin, and accent." He claims one guest called him a "traitor" and that other guests called him names, but does not elaborate. (Doc. 38 at 4.)

These allegations - read liberally and in favor of the pro se plaintiff - do not raise issues of racial discrimination. While some of the alleged comments confused Nedeltchev's national origin, none of the alleged comments ever addressed his Slavic or Eastern European race. None of the alleged comments ever referenced or denigrated Nedeltchev's racial status. If true, the statements are certainly offensive, but they do not state a claim for racial discrimination under § 1981. See Zar, 976 F.2d at 467 (discrimination directed at plaintiff as an Iranian - and not as an Arab - did not state a claim under § 1981). The motion to amend the judgment is futile as to Count II.

**Second Amended Count III**

Count III of the seconded amended complaint alleges claims under Missouri tort law, either for defamation or interference with a business expectancy. (Doc. 38 at 8-10; Doc. 63 at 4.) Both of these claims arise under Missouri tort law and do not raise federal questions. See State ex rel. BP Prods. N. Am. Inc. v. Ross, 161 S.W.3d 922, 927 n.5

(Mo. 2005) (referring to the "generic tort of defamation. . . ."); <u>Kelly v. State Farm Mut. Auto. Ins.</u>, 218 S.W.3d 517, 525 (Mo. Ct. App. 2007) (referring to the "tort of interference with a business expectancy.").

Any party or the court itself may, at any time, raise the issue of subject matter jurisdiction. <u>Myers v. Richland County</u>, 429 F.3d 740, 745 (8th Cir. 2005). In the second amended complaint, Nedeltchev invokes the court's jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). Under § 1332, a district court has original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, and <u>each</u> defendant is a citizen of a different state from <u>each</u> plaintiff. 28 U.S.C. § 1332; <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). The party invoking diversity jurisdiction bears the burden of pleading the citizenship of the parties. <u>Walker by Walker v. Norwest Corp.</u>, 108 F.3d 158, 161 (8th Cir. 1997). It is well established that a plaintiff, suing in federal court, "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction. . . ." <u>Smith v. McCullough</u>, 270 U.S. 456, 459 (1926); <u>see also</u> <u>A-Z Int'l v. Phillips</u>, 323 F.3d 1141, 1145 (9th Cir. 2003) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."). If the plaintiff is unable to make this showing, the court must dismiss the case, unless the defect can be corrected through amendment. <u>Smith</u>, 270 U.S. at 459. Without jurisdiction, a federal court cannot proceed. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998).

Nedeltchev brought this action against the Sheraton Hotel, and the individual defendants Joe Bryson, and Gregory Robinson. In his second amended complaint Nedeltchev alleges the non-Missouri citizenship of defendant Sheraton Hotel, but makes no mention of the citizenship of either Bryson or Robinson. Further, in Count III he expressly requests the court to exercise "pendent jurisdiction over this count where there are common issues and it arises out [of] the same conduct or events and would make a convenient trial unit for it to be heard with the other claims." (Doc. 38 at 8). The court has concluded that the further amendment of the complaint to allege new Counts I and II federal law

-7-

claims would be futile. The court further declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a), because the federal law claims, over which it would have original jurisdiction, are dismissed. See 28 U.S.C. § 1367(c)(3). The motion to amend the judgment is futile as to Count III.

### III. CONCLUSION

The court properly considered the EEOC determination letter and the issue of equitable tolling. The court also notes that the motion to amend is without merit, because the proposed amendments would be futile as to each of the three counts.

For these reasons,

**IT IS HEREBY ORDERED**, that the motion of plaintiff Nikolay Ivanov Nedeltchev to amend the judgment (Doc. 60) is denied.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 6, 2007.